NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-357

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 523460

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment upholding his classification by the Sex Offender Registry Board (SORB) as a level three sex offender.  He claims the examiner abused her discretion by denying his motion for expert funds and misapplying risk-elevating and risk-mitigating factors.  He also contends that the combination of these errors deprived him of a fair hearing and a classification based on substantial evidence.  We affirm.

Background.  On March 9, 2015, Doe pleaded guilty to indictments that included offenses against two fourteen year old females:  rape of a child (seven counts), indecent assault and battery (two counts), posing or exhibiting a child in a state of

nudity (three counts), possession of child pornography, and reckless endangerment of a child. The convictions stemmed from incidents occurring in March and April 2013. In April, Doe, then age thirty-one, repeatedly sexually assaulted his neighbor (victim one) over the course of three days. On one occasion, assaults included Doe penetrating her mouth, vagina, and anus with his penis. On another occasion he did the same while joined by an adult female who provided marijuana to victim one and joined in the sexual assault. Doe also cut victim one's back with a scalpel and licked her blood, made her sign a "slave contract," and took nude photographs of her. After Doe's arrest, his cousin (victim two) reported to the police that in March and April of 2013, Doe touched her breasts, upper thigh, and "private area" and tried to move her hand to touch him. On November 2, 2022, a hearing examiner issued an amended final decision classifying Doe as a level three sex offender. A Superior Court judge denied Doe's motion for judgment on the pleadings and affirmed the level three classification. Doe appeals.

Discussion. A reviewing court can only "set aside or modify [SORB's] classification decision where it determines that the decision is in excess of [SORB's] statutory authority or jurisdiction, is based on an error of law, is not supported by substantial evidence, or is an arbitrary and capricious abuse of

2

discretion."  Doe, Sex Offender Registry Bd. No. 3177 v. Sex Offender Registry Bd., 486 Mass. 749, 754 (2021).  Doe "bears a heavy burden of establishing that [SORB's] decision was incorrect."  Id. at 757, quoting Boston Police Dep't v. Civil Serv. Comm'n, 483 Mass. 461, 469 (2019).

1.  Motion for expert funds.  The motion sought funds to hire an expert regarding Doe's "lifestyle choice" of consensual bondage, discipline, and sadomasochism (BDSM).  Doe argued that BDSM was "misunderstood" in his comprehensive evaluation at the Treatment Center, and an expert would be required to "educate those in the hearing."  We discern no abuse of discretion where the hearing examiner denied the motion because Doe failed to provide any supporting affidavit or documentation and failed to explain how an expert on BDSM could shed any light on the classification decision.  See Doe, Sex Offender Registry Bd. No. 89230 v. Sex Offender Registry Bd., 452 Mass. 764, 775 (2008) (Doe No. 89230) (sex offender has burden "to identify and articulate the reason or reasons, connected to a condition or circumstance special to him, that he needs to retain a particular type of expert").  See also 803 Code Mass. Regs. § 1.16(4)(a) (2016) (motion for funds must "explain how that condition is connected to [the offender's] risk of reoffense or

level of dangerousness . . . [and] include supporting documentation or affidavits").[1]

We also note that BDSM played a limited role in the examiner's decision.  The examiner did not consider BDSM as a mental abnormality (factor 1) where expert evidence "may be most relevant and material."  Doe No. 89230, 452 Mass. at 775.  To the extent that she considered BDSM at all under factor 35 (psychological or psychiatric profiles) and factor 37 (other information related to the nature of the sexual behavior), the examiner carefully distinguished acts of BDSM between consenting adults from Doe's conduct with a fourteen year old child.  In other words, while the examiner considered the comprehensive report reflecting Doe's BDSM lifestyle, the examiner ultimately limited her decision to noting elements of BDSM that appeared in the sexual assault on victim one (such as cutting her with a scalpel and imposing a slave contract).  Nothing in Doe's motion or his brief explains how an expert opinion would have been relevant and material to the examiner's understanding of that assault.

2. Application of the regulatory factors.  "[A] hearing examiner has discretion . . . to consider which statutory and

_____

[1] All citations to 803 Code Mass. Regs. §§ 1.00 are to the 2016 version in effect at the time of Doe's final classification decision.  The regulations were amended effective as of April 25, 2025.

regulatory factors are applicable and how much weight to ascribe each factor." Doe, Sex Offender Registry Bd. No. 356315 v. Sex Offender Registry Bd., 99 Mass. App. Ct. 292, 299 (2021) (Doe No. 356315), quoting Doe, Sex Offender Registry Bd. No. 68549 v. Sex Offender Registry Bd., 470 Mass. 102, 109-110 (2014). "We 'give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it.'" Doe, Sex Offender Registry Bd. No. 523391 v. Sex Offender Registry Bd., 95 Mass. App. Ct. 85, 88 (2019), quoting Doe, Sex Offender Registry Bd. No. 356011 v. Sex Offender Registry Bd., 88 Mass. App. Ct. 73, 76 (2015). Doe contends that the hearing examiner erred in the application of factor 9 (alcohol and substance abuse), factor 10 (contact with the criminal justice system), factor 13 (noncompliance with community supervision), and factor 28 (supervision by probation or parole). We address each factor.

Contrary to Doe's claim, the record supports the application of factor 9 (alcohol and substance abuse). In particular, in a 2017 comprehensive evaluation Doe admitted that he began drinking alcohol at age thirteen, drank socially but had not been drunk since age sixteen, had been intoxicated less than ten times, tried smoking marijuana at age thirteen, began using LSD (four or five times) at age fifteen, and snorted cocaine twice when he was seventeen or eighteen. In a

5

questionnaire that asked about behavior that "made it easier for [him] to act out," Doe admitted "I was drinking" during one of the charged sexual assaults. Based on evidence showing a substance abuse history as well as drinking that contributed to one of the sexual assaults, the examiner did not err in applying factor 9. See 803 Code Mass. Regs. § 1.33(9) (factor 9 applies where offender has "history of substance abuse . . . or when the offender's substance use was a contributing factor in the sexual misconduct").

Similarly, we discern no error with respect to the application of factor 10 (contact with criminal justice system). Doe argues that the hearing examiner erroneously applied factor 10 because she failed to acknowledge that some of the charges on Doe's record resulted in dismissals, and she failed to meaningfully consider that most of the enumerated offenses occurred when Doe was a juvenile. In her application of factor 10, the hearing examiner listed (apart from the sexual offenses described herein) sixteen juvenile offenses, seven adult offenses, dates, and some dispositions during the period from 1995 through 2012. Based on our own review of Doe's probation record that includes crimes against persons and property, the examiner provided a sampling of the entries and, if anything, understated Doe's contact with the criminal justice system. Although the examiner did not denote the precise disposition of

6

every charge, some of which were dismissed, the administrative record supports the application of factor 10 because Doe had "a persistent disregard for rules, laws, and the violation of the rights of others" over a period of about seventeen years. 803 Code Mass. Regs. § 1.33(10). "[F]actor 10 does not confine the examiner to consider only convictions." Doe, Sex Offender Registry Bd. No. 390261 v. Sex Offender Registry Bd., 98 Mass. App. Ct. 219, 226 (2020). Given Doe's extensive contact with the criminal justice system, the examiner properly applied factor 10 as it bore on both his risk to reoffend and his degree of dangerousness.

Finally, we disagree with Doe's assertion that the hearing examiner misapplied risk-elevating factor 13 (noncompliance with community supervision), which led to the misapplication of risk-mitigating factor 28 (supervision by probation or parole). In applying factor 13, the hearing examiner considered that Doe violated the terms of his probation numerous times. See 803 Code Mass. Regs. § 1.33(13)(a). The hearing examiner noted seven violations of probation (two as a juvenile and five as an adult). Our own review of the record shows nine probation violations (three as a juvenile and six as an adult). While the examiner undercounted the number of probation violations and misstated the apportionment between juvenile and adult violations, Doe "has failed to show how this alleged error

prejudiced his substantial rights." Doe, Sex Offender Registry Bd. No. 10800 v. Sex Offender Registry Bd., 459 Mass. 603, 642 (2011). Furthermore, Doe's latest probation violation in 2012 occurred within just eighteen months of Doe receiving a committed sentence of one year. Thus, despite a minor error in tallying the numerous violations of probation, the examiner could properly apply factor 13 because Doe was "[a]n offender who unsatisfactorily adjusts to the external controls inherent to community supervision." 803 Code Mass. Regs. § 1.33(13)(a). Accordingly, the examiner also could properly give less weight to factor 28, which recognizes that "[s]upervision of sex offenders released into the community increases public safety." 803 Code Mass. Regs. § 1.33(28). "Factor 28 may be given less weight if there is a history of probation violations." Id. The administrative record supported the examiner's application of these factors, and she had the discretion to decide "how much weight to ascribe each factor." Doe No. 356315, 99 Mass. App. Ct. at 299.

Upon review, we discern no error, or combination of errors, that prejudiced the substantial rights of Doe.

<u>Judgment affirmed</u>.

By the Court (Blake, C.J.,
Hodgens & Toone, JJ.[2]),

Clerk

Entered:  July 3, 2025.

---

[2] The panelists are listed in order of seniority.